CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV -1 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY LINDER,<br>    Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:12-cv-00414 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| STAN YOUNG,<br>    Respondent. | ) <br> ) <br> ) | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Timothy Linder, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court conditionally filed the petition, advised petitioner that the petition appeared to be untimely filed, and granted petitioner the opportunity to explain why the petition should not be considered untimely filed. Petitioner has responded, and this matter is ripe for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, I dismiss the petition as time barred.

I.

The Circuit Court of Rockingham County sentenced petitioner on August 13, 2009, to forty-eight years' imprisonment after petitioner pleaded guilty to two counts of sodomy by force and one count of indecent liberties. Petitioner did not appeal to the Court of Appeals of Virginia.

On March 17, 2011, petitioner filed a petition for a writ of habeas corpus with the Circuit Court of Rockingham County, which denied the petition on the merits on January 27, 2012. Petitioner appealed to the Supreme Court of Virginia, which dismissed the appeal on August 2, 2012. Petitioner filed the instant federal habeas petition on August 29, 2012. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review). A district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's convictions became final on September 14, 2009, when the time expired for petitioner to note an appeal from the Circuit Court of Rockingham County to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition on March 17, 2011, 548 days after his convictions became final. Accordingly, the statute of limitations had already expired by the time petitioner filed his state habeas petition, and thus, statutory tolling is not permitted. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that a state habeas petition cannot revive an expired limitations period).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstance in the record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, petitioner filed his federal habeas petition more than one year after the convictions became final, petitioner is not entitled to tolling, and the petition must be dismissed.

## III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 1st day of November, 2012.

*Senior United States District Judge*